IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA J. CHEEK,

          Plaintiff,                                ORDER

   v.

                                                  13-cv-527-bbc

JEN BEEMAN and MENDOTA HOSPITAL,

          Defendants.

---

      Plaintiff Joshua Cheek, a patient at the Mendota Mental Health Institute in Madison Wisconsin, has filed a proposed complaint under 42 U.S.C. § 1983. In addition, he has submitted a motion for leave to proceed *in forma pauperis* and a resident account statement, covering the time period from April 1, 2013 to June 30, 2013, in support of his motion.

      This court uses one method for determining the indigent status of all institutionalized persons, even those like plaintiff who are not subject to the 1996 Prison Litigation Reform Act. *See Longbehn v. United States*, 169 F.3d 1082 (7th Cir. 1999). From a six-month resident account statement covering the full six-month period immediately preceding the filing of the plaintiff's complaint, the court calculates two amounts, 20% of the plaintiff's average monthly income and 20% of the plaintiff's average monthly balance. Whichever amount is greater is the amount the plaintiff will have to prepay toward the $350 filing fee.[1] He will qualify for indigent status with respect to the remainder of the fee. (The *in forma pauperis* statute does not permit a court to waive entirely a plaintiff's obligation to pay filing fees. All it does is allow a court to grant

---

[1] With the exception of habeas corpus proceedings, the fee for civil actions filed after May 1, 2013 is $400 unless a litigant qualifies as indigent under the federal *in forma pauperis* statute, 28 U.S.C. § 1915(a), in which case the fee is $350.

qualifying individuals leave to proceed without *prepaying* some or all of the filing fee.)

From the trust fund account statement plaintiff has submitted, I calculate his initial partial payment to be $5.07. Plaintiff should show a copy of this order to treatment facility officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

Once plaintiff pays the amount I have determined he is able to prepay, that is just the first step in obtaining leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. After the court receives his payments, the court will take plaintiff's complaint under advisement for a determination under § 1915(e)(2) whether his action or any portion of it must be dismissed as frivolous or malicious, for failure to state a claim on which relief may be granted or because plaintiff seeks monetary relief against a defendant who is immune from such relief.

ORDER

IT IS ORDERED that plaintiff Joshua Cheek is assessed $5.07 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $5.07 on or before August 15, 2013. If, by August 15, 2013, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 26th day of July 2013.

BY THE COURT:

/s/

PETER OPPENEER
Magistrate Judge

2