IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA CHEEK

          Plaintiff,                                ORDER

    v.                                         Case No.: 13-cv-527-bbc

JEN BEEMAN, MENDOTA HOSPITAL,
CLAIR KRUGER, SARA CONKLIN,
GREG VANRIVBRECK and HEATHER,

          Defendants.

---

In an order entered in this case on July 26, 2013, I assessed plaintiff Joshua Cheek an initial partial payment of the $350 filing fee in the amount of $5.07 and gave him until August 15, 2013, in which to submit his payment. Now before the court is a letter from plaintiff stating that he cannot pay his initial partial filing fee because his is no longer receiving the $11.00 a week that he normally received from Mendota Mental Health Institution because he is being transferred to the Dodge Correctional Institution. I will construe this letter as a motion to waive the initial partial payment. Plaintiff's motion must be denied.

First, I must address plaintiff's custodial status. Whether a case is subject to the 1996 Prison Litigation Reform Act (PLRA) is determined at the time the case is filed. In this case, when plaintiff filed his complaint, he was detained at the Mendota Mental Health Institution. Had he been civilly committed, he would not be subject to the PLRA. However, upon review of the Wisconsin Circuit Court Access website, it is clear that plaintiff was in custody at the Mendota Mental Health Institution after having been arrested and convicted

on criminal charges. He was found to be mentally incompetent to stand trial and was taken to the Mendota Mental Health Institution. Plaintiff was in custody there for purposes of the PLRA, and is subject to the act. 28 U.S.C. 1915(h).

Turning to plaintiff's request to waive his initial partial payment of the filing fee, Congress has dictated the manner in which prisoners must pay the fees for filing federal lawsuits and appeals in 28 U.S.C. § 1915, and I have no discretion to modify this method. Plaintiff's initial partial payment was calculated using the method established in 28 U.S.C. § 1915; that is, by figuring 20% of the greater of the average monthly balance or the average monthly deposits to plaintiff's trust fund account over the six-month period immediately preceding the filing of his lawsuit. In calculating the amount of plaintiff's initial partial payment in this case, I used the resident account statement he submitted in support of his request to proceed *in forma pauperis*. This statement showed that for the six-month period immediately preceding the filing of the complaint in this case, plaintiff's average monthly deposits were $25.38 a month. Twenty percent of the average monthly balance is $5.07. Because this court is bound by the provisions of the PLRA and because it is clear plaintiff's initial partial payment was calculated correctly pursuant to these provisions, his motion to modify his partial payment of the $350 filing fee will be denied. He will be required to submit a check or money order for the $5.07 initial partial payment.

It may well be that plaintiff will be able to pay the initial partial payment he has been assessed from the next deposit to his account. Therefore, I am willing to allow him an extension of 30 days in which to pay the initial partial filing fee. Plaintiff is reminded that if he does not have the money to make the initial partial payment in his regular account, he

may arrange with prison authorities to pay some or all of the assessment from his release account.

If, however, by September 16, 2013, plaintiff is unable to pay the initial partial payment, I will consider that he has withdrawn this action and he will not owe a filing fee. In that event, if, at some future time, enough time elapses that a six month trust fund account statement would show that he owes a smaller payment based on his smaller income, he would be free to file a new lawsuit. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

ORDER

IT IS ORDERED that

1. Plaintiff Joshua Cheek's request to waive his initial partial filing fee, dkt. 5, is DENIED.

2. Plaintiff may have an enlargement of time to September 16, 2013, in which to submit a check or money order made payable to the clerk of court in the amount of $5.07. If, by September 16, 2013, plaintiff fails to make the initial partial payment, the clerk is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 8th day of August, 2013.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge