IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSHUA CHEEK,

                                  OPINION AND ORDER

            Plaintiff,

                                  13-cv-527-bbc

    v.

JEN BEEMAN,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action, pro se plaintiff Joshua Cheek is proceeding on a claim that defendant Jen Beeman violated his constitutional rights when she bit him during an altercation at Mendota Mental Health Institute. Plaintiff sought to amend his complaint to include a state law tort claim against defendant on the same facts and to include a claim against other defendants for denying him access to the courts on this case. Dkt. #27. Because plaintiff had not alleged that he filed a notice of claim letter as required for state law torts against state employees and because he had not shown that he had received any actual injury in his access to courts claim, I denied his motion in an order dated March 6, 2014. Dkt. #35. He had also sought to include a "breach of care contract" claim, which I denied because he had not alleged any factual basis for the claim. Id.

      Plaintiff now requests that the court reconsider its decision on the grounds that he attempted to file a timely notice of claim letter but was prevented from doing so by certain

Mendota Mental Health Institute employees and that defendant breached her duty of care to him by failing to provide him medical care. Dkt. #37. I will allow plaintiff to proceed on the battery claim, and I will allow him to proceed on a claim for denial of medical care under the Eighth or the Fourteenth Amendment. His motion will be denied as to his access to the courts claim because it is not ripe.

OPINION

A. Battery

Plaintiff asks the court to reconsider its March 6, 2014 decision denying him leave to amend his complaint to include a claim for battery. His request was denied because he had not alleged that he filed or attempted to file a notice of claim letter as required when suing state employees. Wis. Stat. § 893.82(3). With his current motion, plaintiff submitted a copy of his signed and notarized notice of claim letter, dated April 27, 2013. On its face, this letter is late: plaintiff's injury occurred on August 29, 2012, and he had only 120 days from that date in which to serve the Wisconsin Attorney General. However, plaintiff says that this letter was late because Mendota Mental Health Institute employees prevented him from sending it. Although it is not clear whether such an excuse is valid under the state's notice of claim statute, Wis. Stat. § 893.82(2m)-(3), that question is one for defendant to address, so I will allow plaintiff to proceed on his battery claim against defendant.

B. Medical Care

Plaintiff also seeks to add a claim for what he calls "breach of care contract." He was denied leave to amend his complaint to add this claim because he alleged no facts about it. In his motion to reconsider, he explains that this claim was meant to address defendant's failure to provide him medical care after his bite injury. I am aware of no authority that provides plaintiff a contractual right to medical care from state facilities. Nevertheless, he does have a right to adequate medical care under the Eighth or the Fourteenth Amendment to the Constitution. Estelle v. Gamble, 429 U.S. 97, 103 (1976). To state such a claim, plaintiff must allege that defendant was deliberately indifferent to his serious medical need. Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006). A bite that breaks the skin may be a serious medical need and refusal to treat it may be deliberate indifference. Id. Plaintiff has therefore alleged the bare minimum of what is required to state this claim, but he should be aware that he must provide much more detail at summary judgment. At that stage, plaintiff will have to produce evidence showing the precise condition of his hand, what care he requested, how defendant responded and whether anyone else provided him care. Nevertheless, at this early stage of the case, plaintiff may proceed on this claim on the basis of the allegations in his amended complaint and motion.

C. Access to Courts

Plaintiff says that the refusal by certain Mendota Mental Health Institute employees to allow him to send his notice of claim letter should also serve as an actual injury for his

access to the courts claim. An "actual injury" for the purposes of stating an access to courts claim must have "hindered [the prisoner's] efforts to pursue a legal claim," resulting in some harm to plaintiff, such as his inability to file a complaint or pursue a particular claim. Lewis v. Casey, 518 U.S. 343, 351 (1996). However, he is proceeding on his battery claim against defendant at this time, which means that nothing adverse has happened to him and he has not yet experienced an injury. Any denial of access to the courts claim he might have is not yet ripe, so he will not be allowed to proceed on it at this time.

D. Status of Case

After reconsidering the March 6, 2014 order denying plaintiff leave to amend his complaint, I am allowing plaintiff to amend his complaint to include a claims of battery and denial of medical care claim against defendant, in addition to the excessive force claim against her. Adding these claims now, at an early stage of the litigation and well ahead of the September deadline for dispositive motions, will not seriously prejudice defendant, given that the claims all arise from similar facts. It does not appear that the new claims affect the determination of defendant's pending summary judgment motion on Heck v. Humphrey, dkt. #30, because the battery claim involves the same defense and the denial of medical care claim is not implicated by Heck. Nevertheless, I will allow defendant to amend and refile her motion if she wishes to do so. Defendant must advise the court no later than April 2, 2014 whether she wishes to amend her motion. The briefing schedule will be held in abeyance until defendant states her intentions.

4

Plaintiff's amended complaint, dkt. # 27, and his motion to reconsider, dkt. #37, acting as a supplement to that complaint, now serve as the operative pleading in this litigation.

ORDER

IT IS ORDERED that

1. Plaintiff Joshua Cheek's motion to reconsider his request to amend his complaint, dkt. #37, is GRANTED IN PART and DENIED IN PART. Plaintiff is GRANTED leave to proceed on his claims for excessive force and denial of access to medical care under the Eighth or the Fourteenth Amendment and on his state law battery claim against defendant Jen Beeman. He is DENIED leave to proceed on his denial of access to the courts claim against members of the Mendota Mental Health Institute staff.

2. Defendant is to advise the court no later than April 2, 2014 whether she wishes to amend her motion for summary judgment.

3. Briefing on defendant's summary judgment motion, dkt. #30, is STAYED until after April 2.

Entered this 27th day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge