IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSHUA CHEEK,

                                                                                             ORDER

                         Plaintiff,

                                                                                        13-cv-527-bbc

      v.

JEN BEEMAN,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order dated March 27, 2014, I granted plaintiff Joshua Cheek's motion to reconsider an amendment to his complaint. Dkt. #42. Plaintiff is now proceeding on claims of excessive force, battery and denial of medical care against defendant Jen Beeman. Plaintiff alleges that defendant bit him during an altercation at the Mendota Mental Health Institute and that she failed to provide him with medical care after the incident. Because plaintiff's complaint was amended while defendant's motion for summary judgment on <u>Heck v. Humphrey</u> was pending, I instructed defendant to tell the court whether she wished to amend her motion. Defendant says that she wishes to amend her motion to include the battery claim under the same arguments as the excessive force claim and that she does not intend to file a separate brief unless instructed to do so. Dkt. #43. Defendant's motion for summary judgment is amended to include her battery claim and she need not submit an amended brief. A new briefing schedule is set forth at the end of the order.

1

Defendant has also asked the court to reconsider its decision allowing plaintiff to amend his complaint and proceed on the denial of medical care claim. Dkt. #43. She argues that plaintiff has not stated a claim against defendant for denying him medical care under the Eighth or the Fourteenth Amendment. (Plaintiff's status as a prisoner or detainee at the time of the incident is unclear, so I cannot tell which amendment applies to him.) Defendant says plaintiff did not state whether he requested care for defendant or whether she was able to provide care to him.

However, to state a claim for denial of medical care, plaintiff need only state that he had a serious medical need (a bite is plausibly serious) and that defendant acted with deliberate indifference to cause him to receive inadequate treatment. Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006). Refusal to treat would be enough to state a claim, as would obstructing plaintiff's treatment or ignoring his need for treatment. Id. ("Deliberate indifference 'is more than negligence and approaches intentional wrongdoing.'") (quoting Collignon v. Milwaukee County, 163 F.3d 982, 988 (7th Cir.1998)). Plaintiff alleges that defendant did not care for his injuries after the altercation, which may mean that she refused to treat him or ignored his need for treatment. (Her inability to offer treatment would be a defense, not a pleading requirement.) Plaintiff also alleges that she filled out a form incorrectly to state that plaintiff had no injuries, meaning that plaintiff would not receive a medical assessment after the incident. This may have obstructed plaintiff's medical care. As stated in the previous order, these are sufficient facts to state a claim under Fed. R. Civ. P. 8, and defendant's motion to reconsider will be denied.

ORDER

IT IS ORDERED that

1. Defendant Jen Beeman's motion to reconsider the court's March 27, 2014 order allowing plaintiff Joshua Cheek to proceed on his denial of medical care claim, dkt. #43, is DENIED.

2. Defendant is GRANTED leave to amend her motion for summary judgment, dkt. #30, to include plaintiff's battery claim.

3. Plaintiff may have until April 16, 2014 to file his brief in response to defendant's motion for summary judgment. Defendant may have until April 28, 2014 to file her brief in reply.

Entered this 2d day of April, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge