IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSHUA CHEEK,

                                                      ORDER

                    Plaintiff,

                                                  13-cv-527-bbc

     v.

JEN BEEMAN,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil lawsuit, pro se plaintiff Joshua Cheek is proceeding on claims of excessive force, battery and denial of medical care against defendant Jen Beeman stemming from an altercation at the Mendota Mental Health Institute. After having been granted leave to amend his complaint on a motion for reconsideration, plaintiff has filed what I construe as another motion for reconsideration of the order denying him leave to amend his complaint. Dkt. #46. Plaintiff has also filed a letter that I construe as a motion for preliminary injunction under Fed. R. Civ. P. 65(a). Dkt. #51. In this submission, plaintiff states that he is subject to retaliation by staff members at the Wisconsin Resource Center, the institution to which he has been transferred, are retaliating against him for filing this lawsuit. Both motions will be denied.

      In his renewed motion for reconsideration, plaintiff asks to add claims for denial of access to the courts and for retaliation. He contends that mailroom employees at the

1

Mendota Mental Health Institute retaliated against him and denied him access to the courts when they prevented him from mailing legal documents pertaining to Beeman's alleged assault for six months.  As discussed in this court's previous orders, plaintiff cannot state a claim for denial of access to the courts without alleging that he has experienced an "actual injury," that is, some sort of prejudice affecting his lawsuit.  Lewis v. Casey, 518 U.S. 343, 351 (1996).  The six-month delay did not affect his ability to prosecute his present lawsuit, so he has not yet shown an actual injury.  Johnson v. Barczak, 338 F.3d 771, 773 (7th Cir. 2003) ("[A] delay becomes an injury only if it results in 'actual substantial prejudice to specific litigation.'") (quoting Gentry v. Duckworth, 65 F.3d 555, 559 (7th Cir.1995)).

Furthermore, adding a denial of access to the courts claim and a retaliation claim is not permissible under Fed. R. Civ. P. 20, which prohibits joining unrelated claims against different defendants.  The bite and the mail tampering are separate events involving different defendants and they do no involve any common questions of law or fact, as required by Rule 20.  Allowing plaintiff's amendment would be futile because he would not be permitted to join the new claims to the one he has raised in this lawsuit.  Accordingly, his motion will be denied.  Owens v. Hinsley, 635 F.3d 950, 956 (7th Cir. 2011) ("We have held that leave to amend may be denied if the new complaint does not cure deficiencies in the old one and is doomed to the same fate.").

Next, I cannot consider plaintiff's motion for injunctive relief at this time because plaintiff's submission does not comply with this court's procedures for obtaining a preliminary injunction.  In particular, plaintiff has not submitted admissible evidence to

support his requests for injunctive relief and he has not proposed facts supported by such evidence. Therefore, I will deny his motion without prejudice because he has failed to follow this court's procedures for obtaining injunctive relief. Those procedures are set out in a document titled <u>Procedure To Be Followed On Motions For Injunctive Relief</u>, a copy of which is included with this order. Plaintiff should pay particular attention to those parts of the procedure that require him to submit proposed findings of fact in support of his motion and point to admissible evidence in the record to support each factual proposition.

Even if plaintiff refiles his motion in accordance with the court's procedures on motions for injunctive relief, he should know that he cannot obtain injunctive relief on issues that do not relate to the claims on which he has been allowed leave to proceed. Plaintiff's allegations concerning retaliation by staff at the Wisconsin Resource Center do not relate to his claims against Beeman. If plaintiff wishes to raise a claims concerning these other allegations he will have to do so in a separate lawsuit after he first exhausts his administrative remedies. The court recognizes an exception to this policy only where it appears that the alleged retaliation would directly, physically impair the plaintiff's ability to prosecute his lawsuit. Plaintiff has not alleged that he has failed to receive any specific documents for his case, and so far in this lawsuit he has made timely filings each time he has been required to do so. Therefore, plaintiff has not shown that he has been impaired in prosecuting his lawsuit, so his motion for preliminary injunction will be denied.

ORDER

IT IS ORDERED that plaintiff Joshua Cheek's motion for reconsideration of the order denying him leave to amend his complaint, dkt. #46, and his motion for preliminary injunction, dkt. #51, are DENIED.

Entered this 15th day of April, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge