IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSHUA CHEEK,

                                         OPINION and ORDER

                Plaintiff,

                                         13-cv-527-bbc

    v.

JEN BEEMAN, CLAIR KRUGER,
SARA CONKLIN and HEATHER,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil lawsuit brought under 42 U.S.C. § 1983, plaintiff Joshua Cheek contends that defendant Jen Beeman, a nurse at the Mendota Mental Health Institute, used excessive force against him while he was restrained following an altercation between plaintiff and institute staff.  He also contends that Beeman prevented him from receiving medical care after the altercation.  Further, plaintiff says that Beeman conspired with the remaining defendants, Clair Kruger, Sara Conklin and "Heather," to retaliate against him for attempting to gain access to the courts to pursue his claims.

      As permitted by this court's scheduling order, defendant Beeman (hereafter simply "defendant") has moved for partial summary judgment on the sole ground that plaintiff's excessive force claim is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  I conclude that it is not.

      From the parties' proposed findings of fact, I find that the following facts are

undisputed.

## UNDISPUTED FACTS

In August 2012, plaintiff was a patient at the Mendota Mental Health Institute, where defendant worked as a registered nurse. On August 29, 2012, plaintiff punched Mendota staff member Kirsten Ray. When defendant and another staff member came to Ray's aid, plaintiff began trying to strangle defendant. (Defendant alleges that when she broke free, plaintiff began to suffocate her by putting his hand over her nose and mouth; plaintiff says he only grabbed her by the throat and neck.)

The parties agree that at some point during or soon after the altercation defendant bit plaintiff's hand. (Plaintiff alleges that the bite occurred after hospital staff had subdued him. Defendant alleges that she bit plaintiff while she was still attempting to subdue him and keep him from suffocating her.)

As a result of the altercation, plaintiff was charged criminally with two counts of battery: one for his attack on Ray and one for his attack on defendant. He pleaded guilty to the battery charge involving Ray. The battery charge involving defendant Beeman was dismissed but "read-in" at plaintiff's sentencing for the battery of Ray. ("[W]hen a defendant agrees to crimes being read in at the time of sentencing, he makes an admission that he committed those crimes. The trial court considers those read-ins as part of the defendant's conduct for sentencing purposes and the state is prohibited from later formally charging the defendant for those criminal offenses." State v. Szarkowitz, 157 Wis. 2d 740,

753, 460 N.W. 2d 819, 824 (Ct. App. 1990).)

OPINION

Defendant argues that plaintiff's excessive force claim is barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), which holds that a plaintiff cannot pursue a claim under 42 U.S.C. § 1983 if that claim would necessarily imply the invalidity of the plaintiff's criminal conviction or sentence, unless the conviction or sentence has been reversed on appeal, expunged by executive order or otherwise invalidated by a reviewing court. Id. at 486–87. Defendant argues that plaintiff's excessive force claim implies the invalidity of his sentence for the battery of Ray because his charge for battering Beeman was read in at that sentencing. In other words, defendant says that a finding that she used excessive force would imply that plaintiff did not batter Beeman and that he was sentenced incorrectly because part of his sentence resulted from his charge for battery of Beeman.

This is an odd position for a state defendant to take in light of Robinson v. City of West Allis, 2000 WI 126, ¶ 42, 239 Wis. 2d 595, 616, 619 N.W.2d 693, 702, which holds that "read-in" charges have no preclusive effect under Wisconsin law and do not count as convictions or sentences for the purposes of Heck. Because charges read in at sentencing are not convictions or sentences for the purposes of Heck, any conflict between plaintiff's present claim and the read-in charge does not bar plaintiff's claim. Therefore, I am denying defendant's motion for summary judgment.

As a final note, the pretrial conference order, dkt. #23, gives the parties until September 15, 2014 to file dispositive motions on the merits. Defendant Beeman has filed a summary judgment motion on the merits of plaintiff's medical care claim. Going forward, the parties are limited to filing only one additional motion for summary judgment on the merits. This means that each side may file a motion for summary judgment on any or all of plaintiff's claims, but must consolidate all arguments into that one motion.

ORDER

IT IS ORDERED that

1. Defendant Jen Beeman's motion for partial summary judgment on her assertion that plaintiff's claim against her is barred by Heck v. Humphrey, 512 U.S. 477 (1994), dkt. #30, is DENIED.

2. The pretrial conference order, dkt. #23, is AMENDED to permit each side to file only one more dispositive motion in this lawsuit. The dispositive motion deadline of September 15, 2014 remains in place.

Entered this 16th day of July, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge