IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSHUA CHEEK,

                OPINION AND ORDER

          Plaintiff,

                13-cv-527-bbc

    v.

JEN BEEMAN, CLAIR KRUEGER,
SARA CONKLIN-WEAVER and
HEATHER PAULUS,[1]

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action brought under 42 U.S.C. § 1983, plaintiff Joshua Cheek contends that defendants Jen Beeman, Clair Krueger, Sara Conklin-Weaver and Heather Paulus violated his rights under state and federal law following a physical altercation at the Mendota Mental Health Institute in August 2012. Specifically, plaintiff contends that defendant Beeman, a nurse at Mendota, used excessive force and committed battery when she bit him during the altercation and that afterward she failed to provide him appropriate medical care for his injury. Finally, he says that defendant Beeman conspired with defendants Krueger, Conklin-Weaver and Paulus to retaliate against him for attempting to seek legal recourse over the August 2012 incident.

---

[1] The caption has been amended to reflect defendants' spelling of their names and to add the complete last names for defendants Sara Conklin-Weaver and Heather Paulus.

In a previous order, I granted defendant Beeman's motion for summary judgment with respect to plaintiff's medical care claim. Dkt. #77. Now, defendants have moved for summary judgment on plaintiff's remaining claims. Dkt. #79. Defendant Beeman admits to biting plaintiff but says her use of force was not excessive because she was defending herself from plaintiff's attempt to strangle and suffocate her. Further, defendants argue that they did not retaliate against plaintiff.

Plaintiff had until October 15, 2014 to file his responses to defendants' brief in support of their motion and proposed findings of fact. Plaintiff has not filed any responses. According to Department of Corrections records, plaintiff is imprisoned at the Waupan Correctional Institution, which is where he was at the time defendants filed the present motion. Plaintiff filed responses to defendant Beeman's motion for summary judgment on his medical care claim from Waupan, and nothing in the record suggests that he did not receive defendants' latest motion. Plaintiff's failure to respond to defendants' summary judgment materials or to provide any justification for his failure means that the court will accept all of defendants' proposed findings of fact as undisputed. <u>Procedure to Be Followed on Motions for Summary Judgment</u>, II.A, II.B and II.C and <u>Memorandum to Pro Se Litigants Regarding Summary Judgment Motions</u>, attached to Preliminary Pretrial Conference Order, dkt. #23.

After reviewing defendants' submissions, I conclude that no reasonable jury could find that defendant Beeman used excessive force against plaintiff or that she battered him. In conclude as well that no reasonable jury could find that defendants acted to conspire and

2

retaliate against plaintiff. Accordingly, I am granting defendants' motion for summary judgment.

OPINION

A. Beeman's Bite

It is undisputed that defendant Jen Beeman bit plaintiff during the altercation on August 29, 2012, so the only question is whether this bite amounted to excessive force in violation of the Eighth Amendment or Fourteenth Amendment or an act of battery in violation of state law. Although the elements for these claims are different, the defense raised by defendant Beeman applies to each: defendant used only the force necessary to defend herself from plaintiff's attack on her body. Forrest v. Prine, 620 F.3d 739, 745 (7th Cir. 2010) (on Fourteenth Amendment excessive force claim, "[Plaintiff's] conduct created a situation where the officers were 'faced with aggression, disruption, [and] physical threat.' . . . Clearly, [plaintiff] posed an immediate threat to safety and order within the jail. The use of a taser in such circumstances constituted a permissible use of force.") (citation omitted) (quoting Lewis v. Downey, 581 F.3d 467, 477 (7th Cir. 2009)); Crotteau v. Karlgaard, 48 Wis. 2d 245, 250, 179 N.W.2d 797, 800 (1970) (on civil battery claim, "[b]efore self-defense can be used as a justification for a civil assault and battery it must reasonably appear that the defendant was in danger of bodily harm."). See also Wis. Stat. § 939.48 ("A person is privileged to threaten or intentionally use force against another for the purpose of preventing or terminating what the person reasonably believes to be an

3

unlawful interference with his or her person by such other person. The actor may intentionally use only such force or threat thereof as the actor reasonably believes is necessary to prevent or terminate the interference.") (applying to criminal liability); Root v. Saul, 2006 WI App 106, ¶ 27, 293 Wis. 2d 364, 379, 718 N.W.2d 197, 204 ("We are not prepared to say that [the civil] rule is precisely the same as that articulated in Wis JI-Criminal 815, which is based on Wis. Stat. § 939.48, the specific criminal statute that addresses self-defense. However, we recognize that the rules are similar.").

The video evidence from the August 29 incident submitted by defendants shows conclusively shows that defendant Beeman acted in self-defense, using force appropriate to the situation, both when she bit plaintiff and in attempting to subdue him. Scott v. Harris, 550 U.S. 372, 380 (2007) (no genuine dispute of fact when video evidence proves one side's version of events). The video shows plaintiff seated on the floor in the hallway, against the wall across from the doorway to his room, where three staff members were conducting a search for contraband.) After plaintiff said something to defendants, staff member Kirsten Ray exited the room and began talking with plaintiff, whereupon he stood up and struck her.

The video shows defendant Beeman coming out of the room, walking toward plaintiff and starting to put her arm around his shoulders, as though to escort him away. At that moment, plaintiff grabbed Beeman's neck with both hands in a strangling action. When Beeman freed herself from that grasp, plaintiff put his hand over Beeman's mouth and nose., at which point Beeman bit plaintiff's hand, causing plaintiff to retract it. At no time afterwards was Beeman's mouth near enough plaintiff's body to have allowed her to bite him

again. Plaintiff continued to struggle with the three staff members, grabbing at Beeman's shoulders and torso, for approximately thirty seconds. At that point, other staff members arrived and were able to remove plaintiff's grasp on the staff members and restrain him. After plaintiff was restrained by other staff, Beeman was no longer in any physical contact with plaintiff.

No reasonable jury could conclude from watching the video that defendant Beeman's actions constituted either excessive force or battery. Plaintiff has not shown that the video is inaccurate: it shows that he attacked defendant Beeman after striking her coworker and that the force Beeman used was no more than necessary to attempt to stop plaintiff's attack and protect herself. Plaintiff has adduced no evidence that would support a finding that defendant Beeman acted with malice or intent to harm plaintiff. Therefore, summary judgment must be entered for her with respect to these claims.

### B. Claims that Plaintiff Was Prevented from Filing Complaints

1. Retaliation

Plaintiff was given leave to proceed on a claim that defendants Beeman, Krueger, Conklin-Weaver and Paulus retaliated against him by tampering with his mail because he attempted to seek legal recourse for the bite incident. To prevail on this claim, plaintiff must show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the [d]efendants' decision to take

retaliatory action." Bridges v. Gilbert, 557 F.3d 541, 555-56 (7th Cir. 2009) (quoting Woodruff v. Mason, 542 F.3d 545, 551 (7th Cir. 2008)).

Defendants have adduced evidence that they did not cause plaintiff to suffer a deprivation. They say that plaintiff was allowed to make phone calls and send mail in such a way that would not have obstructed his ability to contact courts, lawyers or others. Defendants admit that plaintiff was limited to one outgoing phone call each day, was not allowed incoming calls, had his mail inspected and had to mark it with his name, but he was not prevented from contacting any specific entity. (However, I note that in a response to plaintiff's grievance about the bite incident, defendant Conklin-Weaver, client rights facilitator, wrote,

> You state that you had requested to report the alleged incident to police, but you were not allowed to for six months. When you reported being bitten, the allegation was investigated thoroughly and no abuse was found. In addition, the investigation found that you were the instigator in the situation and seriously harmed staff. Because there was no abuse to report, staff did not aid you in contacting the police and possibly filing a false police report, which is against the law. Also, the police were contacted at the time of this incident and they investigated the situation. In turn, you received a charge of Battery by Prisoner for this incident.

Dfts.' PFOF, ¶ 81. It is not clear whether plaintiff was prevented from contacting police at all or that defendants simply did not assist him. In either case, plaintiff cannot prevail. For a retaliation claim, plaintiff has adduced no evidence that defendants committed this act out of retaliation for other First Amendment activities. Bridges v. Gilbert, 557 F.3d at 555-56. For a more straightforward First Amendment claim, plaintiff has not rebutted defendants' contention that their actions were taken for legitimate penological purpose, that is, to avoid

allowing plaintiff to perpetuate a fraud or illegal act from within the institution. Turner v. Safley, 482 U.S. 78, 89 (1987). This is especially true in light of the facts that plaintiff had had a chance to tell the police his version of events during their investigation of the incident and that the video of the event shows plaintiff's version of events was a fabrication.)

Moreover, defendants have adduced evidence that plaintiff's attempts to seek recourse for the bite incident were not a motivating factor in any actions taken against him. Defendants submitted plaintiff's disciplinary records, which show that the restrictions on plaintiff's phone and mail were put in place before plaintiff's August 2012 incident and were instituted because plaintiff had made bomb threats by phone and mail. Further, plaintiff was transferred to a more secure unit after the August 2012 incident, with a more restrictive communication policy than his previous, medium security unit. In the "patient transition unit," plaintiff had to mark his mail with his name and allow it to be inspected by staff. In addition, plaintiff could make only one call a day and could make only two attempts in one day to place a call. However, none of these restrictions were greater than those already in place as a result of plaintiff's bomb threat. Plaintiff has not adduced any evidence that his intention to bring a lawsuit was a motivating factor behind defendants' actions.

Finally, even if plaintiff had adduced evidence in this regard, defendants have shown that they would have taken the same actions "'even in the absence of protected conduct,'" Greene v. Doruff, 660 F.3d 975, 979 (7th Cir. 2011) (quoting Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 287 (1977)), because plaintiff's bomb threats and his August 2012 assault on staff created disciplinary and security risks that

7

necessitated monitoring of his outside contacts and a transfer to a more secure unit. Therefore, summary judgment must be entered with respect to plaintiff's retaliation claim.

2. Civil conspiracy

Because defendants have adduced persuasive evidence that they did not act unlawfully toward plaintiff and plaintiff has adduced no evidence to the contrary, I conclude that his civil conspiracy claim fails as well.  Radue v. Dill, 74 Wis. 2d 239, 241 (1976) (civil conspiracy in Wisconsin is "a combination of two or more persons by some concerted action to accomplish some unlawful purpose or to accomplish by unlawful means some purpose not in itself unlawful").  Summary judgment will be entered for defendants.

ORDER

IT IS ORDERED that the motion for summary judgment, dkt. #79, filed by defendants Jen Beeman, Clair Krueger, Sara Conklin-Weaver and Heather Paulus is GRANTED.  The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 17th day of December, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

8